German Ins. Co. v. Penrod.

GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, V. JOSEPH B. PENROD ET AL.

[FILED SEPTEMBER 28, 1892.]

1. **Continuance**: ABSENT WITNESS: AFFIDAVIT. In an action upon a policy of insurance it appeared that the loss occurred December 24, 1889; that suit was begun May 9, 1890, and the issues made up June 30, 1890; that at the September term of the district court the case was passed till November 24th, when the trial was set for the 28th, on the morning of which day the defendants' attorneys filed certain affidavits, in which they stated, in substance, that the state agent was absent; that they did not know of his whereabouts; that he possessed important papers and that they could not safely proceed to trial without him, but failed to state what papers he possessed, or what they expected to prove by him, or any reason for the failure to take his deposition. *Held*, That the court did not err in overruling the motion for a continuance.

2. **Fire Insurance**: BUILDING IN COURSE OF ERECTION: LOSS BEFORE OCCUPANCY. Where the testimony showed that the agent had power to and did issue the policy; that he filled out an application for insurance upon a building in process of construction, to be signed by the owner, and stated in the application that the building was being erected, although it was intended for the use of tenants and was stated in the policy to be so occupied, *held*, that, construing the several provisions of the application together, it did appear that the building was in course of construction, and being burned before it was completed, the fact that the building was vacant was no defense.

3. ———: AGENT'S AUTHORITY. As the agent had power to issue the policy, he had authority also to make any changes as to the person entitled to the benefit thereof which did not increase the risk; therefore, where the policy was for $1,000 and a mortgage named in the application for $700 was executed by the insured, an assignment of so much of the policy as would cover the mortgage was authorized by the agent. *Held*, Within his powers.

4. **Evidence** *held* to sustain the verdict, and there is no material error in the instructions.

5. **Valued Policy Act.** No particular objection has been pointed out in the statute of 1889, and it is sustained.

21

ERROR to the district court for Gage county. Tried below before APPELGET, J.

*Rickards & Prout,* for plaintiff in error.

*A. H. Babcock,* and *Geo. A. Murphy, contra.*

MAXWELL, CH. J.

This is an action brought in the district court of Gage county to recover $1,000 on a policy of insurance on a dwelling house. On the trial of the cause the jury returned a verdict in favor of Penrod for $1,000, less $700 in favor of Parker as mortgagee, on which judgment was rendered. The loss occurred on the night of the 24th of December, 1889, and this action was brought May 9, 1890, and the issues were made up June 30 of that year. The case stood for trial at the September term of the district court of that county, but apparently by consent was passed until near the close of the term. On the 24th of November, 1890, the case was set down for trial on the 28th of that month. On the 28th the attorneys for the defendant below filed affidavits asking that the case be continued till the foot of the docket was reached, and, in effect, saying in their affidavits that they could not be ready for trial without the testimony of the general agent of the company, and that they had been unable to reach him by telegraph or otherwise. There is no statement of what facts it was expected this agent would testify to, nor are we informed of any reason why his deposition has not been taken. If the showing made for a continuance would be held sufficient it would be possible to continue any case. It appears that the trial took place on the 2d of December, 1889, and the jury was discharged on the next day. The defendants below do not seem to have been forced to trial with undue haste and have no just cause of complaint in that regard.

The testimony shows that in the summer of 1889 Pen-

German Ins. Co. v. Penrod.

rod was erecting a dwelling house in the city of Beatrice; his brothers were doing the carpenter work and seem to have worked on this house when not otherwise employed; that the plaintiff Penrod is a painter and working at his trade, and performed labor on the house when not painting for others; that in the latter part of August, 1889, the agent of the defendant below at Beatrice spoke to a brother of Penrod about insuring the house. This was communicated to Penrod, who took out a policy for three years, paying the premium therefor. The application was filled out by the agent, and states that the house was in course of erection; that there was an incumbrance on it for $800. The agent, who seems to have had knowledge of the manner in which the house was being erected, filled out the application, and issued the policy with that knowledge. The house was designed to be rented when completed, and it is stated in the application to be in the occupation of a tenant. This was not intended as a statement that the house was then occupied but was designed to apply to the property when it was completed. The insured seems to have trusted implicitly to the agent, who may be presumed to be familiar with the ordinary mode of filling out applications, and seems to have acted to some extent upon his own knowledge. The agent testifies:

Q. Did you negotiate this policy with the plaintiff Penrod?

A. Yes, sir.

Q. Where did you meet Mr. Penrod first?

A. J. B. Penrod I met in my office.

Q. How long did you talk with him before you effected this insurance?

A. Well, I couldn't tell exactly, but a very few minutes.

Q. Did you go and examine the property at that time?

A. No, sir.

Q. State whether he reported to you the condition of the property.

A. He told me the building was not completed.

Q. Who drew up this policy?

A. I did.

Q. When?

A. The 26th day of August, 1889.

Q. Was that the same day the application was made?

A. Yes, sir.

Q. When did you deliver it?

A. I can't tell exactly when I did deliver it; if I remember right they came in after it—sometime after.

Q. This clause here in regard to permission to complete building, is that in your handwriting?

A. Yes, sir.

Q. Now this clause in regard to the "Loss payable to mortgagee as his interest may appear, October 9, 1888," did you write that?

A. Yes, sir.

Q. Now you may state whether you sent this policy in to the general company before you delivered it.

A. No, sir.

Q. Did you have the power to issue policies?

A. Yes, sir.

Q. Did you have power also to note these remarks that I called your attention to?

A. Yes, sir.

Here we have an agent who, so far as appears, is the sole representative of the insurance company at Beatrice. He is authorized to receive applications for insurance, determine whether or not they are satisfactory and issue policies thereon. Having this power, he fills out an application for the insured to sign, obtains his signature to the same and the premium demanded, and thereupon in the name of his principal, whose accredited agent he is, issues a policy of insurance. The insured having complied with all the requests of the agent and paid the premium, naturally supposed that in case of total loss he would be indemnified to

German Ins. Co. v. Penrod.

the extent of the insurance. The policy purports to be given in good faith as a contract of indemnity in case of loss. It is not to be hedged about with onerous or impracticable conditions which have a tendency to defeat its object in whole or in part. If an agent may make a contract to bind the insurer, the terms and conditions of that contract are necessarily under his control. The general rule applies, that the principal will be bound by the apparent authority of the agent, and the apparent authority of the agent in this case justifies the insured in relying upon his assurances in filling out the application and the leave indorsed on the policy to borrow $700, which will presently be noticed.

It appears that on the 4th day of October, 1889, Penrod executed a mortgage for the sum of $700 to H. W. Parker for money borrowed, and upon application the agent indorsed on the policy "October 9, 1889, loss, if any, payable to H. W. Parker, mortgagee, as his interest may appear." This was signed by the agent. As heretofore stated, the agent had power to issue the policy, and that carries with it power to make a change in the beneficiary. This in nowise affected the risk and is unavailing.

It is claimed that the evidence fails to sustain the verdict. We think differently, however. There is no charge of fraud or bad faith on the part of the insured. The company has received and retained the premium. A contract of insurance is for indemnity in case of loss. To many honest persons the failure to pay without an expensive lawsuit means great embarrassment, sometimes bankruptcy. If unconscionable pretexts can be used to defeat a just claim for a loss, the insured is not only robbed of the amount paid for a premium but also of his property, and experience has shown that such pretexts can nearly always be found where they are available.

The verdict, in our view, is the only one that should have been rendered. It appears that the adjuster of the

company, after the loss, went to Beatrice, and the insured went with him into the office of the agent, where apparently there were none others in the room. The adjuster then locked the door and then informed the insured that they would not pay the loss because the premises were vacant. The evident purpose was to effect, if possible, a reduction of the amount of claim for the loss. No one can object to a manly claim for such a reduction where there are any apparent grounds for the same, but the course pursued in this case, as disclosed by the record, would seem to be unworthy of a reputable company.

Some objections are made to the instructions, but no particular error has been pointed out and they seem to be correct.

. Objections are also made to the valued policy act of 1889, but in our view it is a valid act, and the amount allowed for prosecuting the action is not excessive. There is no material error in the record and the judgment is

AFFIRMED.

THE other judges concur.