## Davidson et ux. v. Lititz Mutual Insurance Company et al.

*Crichton, Owlett, Cox & Wilcox* and *Robert E. Farr*, for plaintiffs.

*Storey & Bailey*, for defendants.

WILLIAMS, P. J. (twenty-ninth judicial district, specially presiding), December 15, 1952.—Cecil James Davidson and Orah Nancy Davidson sued the Lititz Mutual Insurance Company and the Mutual Fire Insurance Company in Harford County, now Harford Mutual Insurance Company, on fire insurance contracts following loss by fire of the insured property. The jury brought in a verdict against the Lititz Company in the amount of $4,000, and against the Harford Company in the amount of $4,000.

At the trial defendants asked the court to charge as follows: "Under all the evidence in this case the verdict must be for the defendants".

Each of the defendants, since the verdict, has asked the court for a new trial but has abandoned these motions. They have asked, however, for a rule to show cause why judgment should not be entered in their favor non obstante veredicto, upon the whole record.

Testimony shows that Charles Ross, now deceased, who was countersigning agent for the Lititz Company, and the Harford Company, delivered to plaintiffs two policies of insurance under date of July 22, 1946. One

policy was of the Lititz Company, and the other of the Harford Company, and both were on a building which plaintiffs were erecting. The insured property was totally destroyed by fire on May 2, 1949. The policies were for a three-year period, and the date of the fire was 2 years, 9 months and 10 days after their issuance.

When the policies were issued the property was unoccupied and vacant and remained so up to and including the time of the fire.

Both policies contained a provision permitting unoccupancy for only 90 consecutive days in any one policy year. There was no provision in the policies allowing for longer than this vacancy.

The insurance companies claim that, because of these general provisions in the policies, the plaintiffs cannot collect.

Testimony discloses that the local agent of defendant insurance companies, Mr. Ross, went to one of the plaintiffs and requested him to take out insurance on his building, but that this plaintiff told Mr. Ross the building was not completed and that he did not know when it would be completed as he, plaintiff, was completing it in his spare time, that it might take four years before it was completed. Testimony further discloses that the local agent told plaintiff he would write to defendant companies and have a waiver put on the policies, and that he then delivered the policies a week or 10 days later.

There was also testimony to the effect that the local agent, Mr. Ross, met plaintiff on the street on several subsequent occasions and that he told plaintiff that he was "fully protected". As late as November 1948, several months before the fire, when the building was completed except for the installation of a sink in the kitchen, while the building was still unoccupied, the local agent told plaintiff that he was protected.

The insurance policy of the Lititz Company is dated July 22, 1946. There was introduced into evidence a letter from Charles W. Ross, the agent, under date of July 25, 1946, which appears to have been secured from the files of the Lititz Mutual Insurance Company, and which reads as follows:

"Mr. Davidson, one of the assured under this policy is spending a great deal of money in rebuilding this dwelling. When Mr. Masters was in my office last Friday he suggested placing the work and material clause and the alteration and repairs endorsement to the existing policy."

Attached to the policy of the Lititz Company is a work and material clause.

The policy of the Mutual Fire Insurance Company in Harford County is dated July 22, 1946. This policy also has attached an alteration and repairs permit which covers materials and supplies in the building. Also introduced into evidence is a letter from the agent, Charles Ross, under date of July 17, 1946, which notified the Laird McGee Company, in Harrisburg, that the dwelling was being very much repaired and "of course is vacant", and which letter asked the company if the policies written were all right as long as the dwelling was vacant. That the company considered this letter, is shown by defendant Harford Company's exhibit 1, in which the Harford Company explained to Ross that the policy allowed for only a 90-day vacancy period.

Plaintiffs' case against both companies is based on the theory that despite the vacancy the countersigning agent, Ross knew when he wrote the policies that the property was vacant, knew that it was being rebuilt by one of the plaintiffs in his spare time, knew it would be vacant for a long time, and that the agent Ross, solicited the policies with this extended vacancy in mind and continued to tell plaintiffs their property

was covered until a short time before the fire. Plaintiffs claim defendant companies are now estopped.

Defendants' theory is that they are not liable for loss that occurred by the fire, because the policies allowed for no loss if the building is unoccupied in any one year for more than 90 days.

When an insurance company inserts in its policy a condition in favor of itself, such as the vacancy clauses here, the breach of which condition will invalidate its promise to pay, and the company knows at the time that this condition is inconsistent with and inapplicable to the facts of the case and will entirely frustrate the purpose of the person or persons applying for insurance protection, the company will not be allowed to set up breaches of such condition for the purpose of voiding its promise to pay, they being estopped from doing so: First National Bank of Charleroi v. Newark Fire Insurance Co., 118 Pa. Superior Ct. 582; Clymer Opera Co. v. Flood City Mutual Fire Insurance Co., 238 Pa. 137. For the purpose of this rule, knowledge of the agent who, with authority to do so, issues the policies, is knowledge to the insurance company: Evans v. Metropolitan Life Ins. Co., 294 Pa. 406; Russell v. Farmers Mutual Fire Insurance Co., 272 Pa. 1.

In Arlotte et al. v. National Liberty Insurance Company, 312 Pa. 442, it was pointed out that a party to a contract cannot escape liability under his obligation on the ground that the other party has failed to perform a condition precedent to the establishment of such liability where he has caused that failure. In the Arlotte opinion it was pointed out that plaintiff dealt solely with the insurance agent, that it was quite reasonable for plaintiffs to accept as true the agent's statement as to what was covered by the terms. In Isaac et al. v. Donegal & Company Mut. Fire Ins. Co., 308 Pa. 439, the court commented that patrons of an insurance

company naturally look to the agent for direction generally as to the insurance obtained through him.

It has been said that "the weight of authority supports the view that if an insurance company has knowledge through its agent, when a contract of insurance is effected, that the premises are vacant or unoccupied, the issuance of the policy waives any provision as to vacancy or unoccupancy, at least so far as concerns the existing vacancy": 29 Am. Jur. §815.

It has been held that where the agent knows that the insured building is vacant because still in the course of construction, and expressly states that the insured will not be bound by the term specified in the vacancy clause, the clause is waived so far as it conflicts with the oral agreement, and recovery may be had for a loss which occurs before the building is completed and while unoccupied: Queen Ins. Co. v. Kline et al., 32 S. W. 214 (Ky.) ; German Ins. Co. v. Penrod et al., 35 Neb. 273, 53 N. W. 74; Bear v. Atlanta Home Ins. Co., 70 N. Y. S. 581, 96 A. L. R. 1263.

In the instant case we are of the opinion that defendant companies are estopped from using as a defense the vacancy of the building at the time of the fire. Their agent not only solicited the insurance knowing that the building was in the course of construction, but also assured plaintiffs on a number of occasions that they were protected. He knew that the building was not only vacant but unoccupied. There is also testimony which indicates the companies were warned of the situation. They at least knew there were alterations, as they attached coverage for such.

Fire insurance companies do a large amount of their business through agents such as agent Ross in the instant case, and persons insuring their properties rely upon the representations of such agents. Here plaintiffs wanted insurance, did not hide the condition of the building to be insured, and relied upon the repre-

sentations of the agent that they were protected by the insurance which they secured. After accepting the premium, the companies cannot now say that they are not liable for the loss, even though we were not to consider in any degree the correspondence between the agent and the companies.

The case of Pottsville Mutual Fire Ins. Co. v. Fromm, 100 Pa. 347, has been called to our attention, in which the insured property was vacant at the time the policy was issued, and so remained until destroyed, and in which the court ruled in favor of the insurance companies. The instant case is distinguishable, as the building here was in the course of construction. It was unoccupied.

### Order of Court

And now, December 15, 1952, the motions for new trial are dismissed, and the motions for judgment n. o. v. are dismissed, costs on defendants. Motions refused.