## Moore, Admx., v. Prudential Insurance Co. of America

*A. C. F. Kenouski* and *David J. Reedy*, for plaintiff.
*Vosburg & Vosburg*, for defendant.

LEACH, P. J., December 2, 1940.—Rosella Moore instituted a suit as beneficiary on three policies of life insurance on the life of her deceased husband in which

she was beneficiary, and a statement was filed setting forth the terms of the policies. By agreement of counsel she was substituted in the suit as administratrix instead of beneficiary and an amended statement of claim was filed by her as administratrix. The amended statement of claim set forth that the deceased came to his death by violent, external, and accidental means. He was killed by a pistol shot which penetrated his body and from which he died within a few minutes. Said pistol shot was fired by Rosella Moore, the administratrix. Copies of the insurance policy were appended in the amended statement of claim by reference to the original statement of claim, which was part of the same file.

In the affidavit of defense raising questions of law filed nearly three months after the amended statement of claim, counsel for defendant objects, first, because the statement contains no copy of the policies involved and the reference thereto is not sufficient. As the amended statement is part of the same file as the original statement, the question of whether they are physically appended to the same paper is a matter of form and not of substance. This matter should have been brought to the attention of the court by a rule to strike off and not by an affidavit of defense.

The fourth reason that the statement does not set forth how the amount of $5,071.20 is arrived at is a matter of computation by reference to the policies and is not a valid reason for judgment on affidavit of defense.

The second objection is that the statement does not set forth any facts which would show a death due to accidental means. A pistol shot causing death is only intentional in the event that the person whose death is thus caused so intended it. Counsel for the defense stated in their brief that if the statement was made that the shot was fired either intentionally or accidentally, the statement would be good. There may be a defense that the deceased requested the wound or that his conduct was such that he might reasonably understand that it would be in-

flicted. It is not the duty of the beneficiary to deny every possible inference which might be made as a defense.

The third reason assigned sets forth that "The averments in the sixth paragraph of plaintiff's statement show that the insured met his death by reason of a shot fired by Rosella Moore, who, as his administratrix, is plaintiff in this case. A recovery in this case by plaintiff as administratrix would result in a benefit to her individually, because she would be entitled to claim as a widow of the insured, and thus derive a benefit from her own unlawful act in killing the insured."

Whether this benefit would arise to the administratrix is a matter for distribution by the orphans' court. There is no doubt that defendant owes the face amount of the policy and perhaps the additional indemnity as a result of the death of the insured. It may be that the unlawful act of the beneficiary would bar her claim as beneficiary. This is waived by her suit as administratrix and permits defendant to carry out its contract with safety to itself. Certain decisions, notably Carpenter's Estate, 170 Pa. 203, and Tarlo's Estate, 315 Pa. 321, indicate that she may inherit under such circumstances where she has not been duly adjudged guilty of murder in the first or second degree. Greifer's Estate, 333 Pa. 278, 279, suggests that in a conviction of first degree murder a wife is barred and will not be permitted by the common-law principle that a person will not be permitted to profit for his own wrong, particularly by his own crime.

As we have stated before, the question of whether the widow benefits by her own wrong has nothing to do with the question of whether defendant pays the amount due under its contract. This question can be decided in the case at bar and the subsequent distribution is a matter between the heirs and before the orphans' court. It is a subject in which defendant has no concern.

Now, December 2, 1940, the affidavit of defense raising questions of law is decided in favor of plaintiff and defendant is allowed 15 days to file an affidavit of defense to the merits.