First National Bank of Charleroi, Appellant, *v.*
Newark Fire Insurance Co.

Argued April 17, 1935.

Before Keller, P. J., Cunningham, Bald-

584

RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

586

588

594

*D. M. McCloskey,* with him *Burnside, Moninger & Burnside,* for appellant.

*D. I. McAlister,* of *Hughes, McAlister & Zelt,* with him *H. Russell Stahlman,* for appellee.

PER CURIAM, July 18, 1935:

The material issues involved in this case are all satisfactorily disposed of in the clear and convincing opinion of President Judge BROWNSON of the court below. It is not necessary to add to it beyond citing, as additional authority, the cases of Banco Commerciale de Puerto

Rico v. Royal Exchange Assurance Corp., 71 Fed. (2d) 933, C. C. A. 1st Circuit, and Overholt v. Reliance Ins. Co., 319 Pa. 340, 179 A. 554; and calling attention to the fact that the standard form of fire insurance policy is prescribed by statute (Act of May 17, 1921, P. L. 682, pp. 732, 733, secs. 522, 523, 40 PS secs. 657, 658) and does not authorize a clause or rider *to a policy insuring an owner of* property, giving to his *judgment creditor* an independent contract of insurance unaffected by the fraudulent acts of the insured owner, such as is expressly allowed to a *mortgagee* or a trustee under a deed of trust in the nature of a mortgage; and no form other than the standard form may be used in this State, (Act of May 17, 1921, supra, sec. 524, p. 739), without the previous approval of the Insurance Commissioner (Act of June 23, 1931, P. L. 904, pp. 910, 913); and further that there is no evidence at all in this case which would warrant a finding by a jury that the plaintiff bank ever contemplated obtaining a separate policy insuring its own special interest as a judgment creditor, or changing its security from a judgment to a mortgage, and was dissuaded from taking either of these steps by the acts or representations of defendant's agent. Had there been such evidence a different question would be presented.

With this additional comment, the judgment of the lower court is affirmed on Judge BROWNSON'S opinion.