## Greifer's Estate.

Argued January 4, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*A. Bernard Hirsch,* with him *Joseph B. Englander,* for appellant.

*Herman N. Schwartz* and *Earl L. Cahan,* for appellees, were not heard.

*Gordon A. Block,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellee, was not heard.

OPINION BY MR. JUSTICE SCHAFFER, March 22, 1939:

The question here is whether a wife, who killed her husband and was convicted of murder of the first degree, can successfully claim the benefits coming to her under a trust created by him for her benefit. The Orphans' Court denied her the right to receive anything and from its decision she appeals.

The deceased settlor made a deed of trust covering policies of insurance upon his life. His wife, his parents and a sister were named as beneficiaries. Under its terms, no money would come to the beneficiaries until the settlor's death. The trust was created December 8, 1932. July 10, 1935, the settlor was killed by his wife.

Appellant claims she is entitled to take under the trust and relies upon *Carpenter's Est.,* 170 Pa. 203, 32 A. 637, and *Tarlo's Est.,* 315 Pa. 321, 172 A. 139. Neither of these cases supports her right. She is barred by the common law principle that a person will not be permitted to profit by his own wrong, particularly by his own crime: *Robinson v. Metropolitan Life Ins. Co.,* 69 Pa. Superior Ct. 274; *Cleaver v. Mutual Reserve Fund Life Assn.* [1892], 1 Queen's Bench 147; *Schmidt v. Northern Life Assn.,* 112 Ia. 41, 83 N. W. 800; *Smith v. Todd,* 155 S. C. 323, 152 S. E. 506; *Mutual Life Ins. Co. v. Armstrong,* 117 U. S. 591; *Slocum v. Metropolitan Life Ins. Co.,* 245 Mass. 565, 139 N. E. 816. For complete citation of cases, see 70 A. L. R. 1539; 91 A. L. R. 1486. We imagine it would not be contended that the murderess could take under the policies of insurance if she had been directly named as beneficiary therein, instead of indirectly through the deed of trust.

*Carpenter's Est.* and *Tarlo's Est.* presented situations entirely different from the one now confronting us. In *Carpenter's Est.,* a son killed his father and was convicted of first degree murder. Under the law as it then was, we felt bound to decide that, as the intestate law cast the inheritance on the son, without any exception, it was impossible for the courts to designate any differ-

ent persons to take the estate, without violating the law. In *Tarlo's Est.,* we held there could be inheritance through the murderer, who committed suicide immediately following the killing, because he had not been "finally adjudged guilty," and the Intestate Act of June 7, 1917, P. L. 429, Sec. 23, 20 PS Sec. 136, forbade inheritance only where the murderer had been "finally adjudged guilty."

The decision of the Orphans' Court denying appellant the right to take under the deed of trust was correct.

Decree affirmed at appellant's cost.