CROSS, Chief Judge
(dissenting).
I must respectfully dissent.
At best, the decision of the majority compounds confusion in a field already replete with complexities. The business of insurance is at the very nucleus of our modern commercial economy, and because the general public is a gigantic daily consumer of the insurance product, the legal requirement of insurable interest, the absence of which permits the insurer’s escape from contractual liability, must be constantly revaluated for utility and correspondence to social and economic practices and expectations.
The Florida Legislature in Section 627.01041(2), Florida Statutes, F.S.A., has endeavored to guide us in what it has determined to be an insurable interest. In interpreting the words “insurable in *667 terest” as found in the statute, it is most helpful to define the words individually and then apply them together. Insurance is a contract whereby one party is obligated to confer benefits of a pecuniary value upon another party dependent upon the happening of a fortuitous event in which the insured or beneficiary has or is expected to have at the time of such happening a material interest which will be adversely affected by the happening of such event. The word “interest” has been traditionally defined in the terms of rights in the insured property. It of course may also be characterized as such relationship to property as makes a happening adversely affecting the insured property as an economic disadvantage to the interest holder. Insurable interest is that kind of interest in the property insured which the claimant must show in order to have a legally enforceable claim to recovery.
Ownership of all or part of the insured property, whether denominated legal ownership or equitable ownership, has been regarded by the courts as sufficient to constitute an insurable interest. However, ownership of a physical allocation of property is not strictly necessary to come within the property right concept. In the nature of our modern commercial economy, courts have recognized that judgment creditors have insurable interests. First National Bank of Charleroi v. Newark Fire Insurance Co., 1935, 118 Pa.Super. 582, 180 A. 163.
The majority tries to strengthen its position that Grimm did not as a matter of law have an insurable interest in the vehicle at the time of the theft on the basis that Grimm had sued the person who had purported to sell the vehicle to him, asking either delivery of the title or a refund of the sum of $1500 which Grimm had paid, and that Grimm obtained judgment for the sum of $1500. I fail to perceive how the attainment of a judgment would eliminate Grimm’s having an insurable interest in the property. On the contrary, to me it would strengthen the fact that Grimm did have an insurable interest as a judgment creditor. If the judgment were satisfied, which it was not, then Grimm’s interest would dissipate. Certainly it cannot be argued with logic that the recovery of a judgment is equivalent to satisfaction. Hilbert v. Roth (Pa.) 1965, 26 Leh.L.J. 45. The judgment creditor too often finds himself with merely a legal document, which cannot be satisfied and has a value which is akin to yesterday’s newspaper.
The jury in the instant case determined that Grimm had an insurable interest in the property. The facts revealed that Grimm agreed to pay $2500 for the automobile, and in fact, did pay $1500 of that amount and received a bill of sale for the automobile. At the time he obtained the insurance, Mr. Grimm had invested $1500 in the automobile and owed an additional $1000 to the seller. At the time the automobile was stolen it had a market value of $2500. Grimm’s investment of $1500 gave him an insurable interest in the vehicle at the time of the theft notwithstanding his “paper judgment.”
Men who are unlearned in the law regard their insurance policy as an instrument of security. It certainly is a grievous sociological error on the part of the majority to allow this insurance company’s obligation to flake away mysteriously. By doing so, a lack of perception is shown of property .right concepts in insurable interest, since really an insurable interest implies merely a relationship to a. property unit that will lead to economic disadvantage if the property unit is impaired. The insurance carrier serves a valuable function in society: that of shifting economic risks. Its service as an indemnitor should extend to the plaintiff herein who possessed the necessary economic relationship to the property and was confronted with loss by the fortuitous event.
I would affirm the judgment of the trial court.