**Edna Faye BRYANT, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY and Raymond Bryant, Defendants.**

**Civ. A. No. 82–99.**

United States District Court, E.D. Kentucky, Covington Division.

Sept. 4, 1984.

H. Douglas Rouse, Florence, Ky., for plaintiff.

Thomas C. Smith of Taliaferro, Smith, Mann, Wolnitzek & Schachter, Florence, Ky., for defendants.

### OPINION

BERTELSMAN, District Judge.

This case presents the court with an issue of first impression in Kentucky, namely, whether an innocent spouse is entitled to her proportional share of the proceeds of a fire insurance policy on a home owned jointly by her and her husband, when the husband has destroyed it by arson.

On June 25, 1981, a fire and explosion destroyed a residence in Florence, Kentucky, jointly owned by the plaintiff, Edna Faye Bryant, and her husband, Raymond J. Bryant. The defendant, Allstate Insurance Company, insured the house and its contents against certain losses, including loss by fire.

On October 13, 1981, the insured, Raymond J. Bryant, along with two accomplices pled guilty in this court to a conspiracy to commit the felony of arson of the house and certain related offenses. He is presently serving a sentence in the penitentiary for this offense.

The plaintiff, Edna Faye Bryant, was also indicted as part of the conspiracy, but the charges against her were dismissed in return for Mr. Bryant's guilty plea. Allstate denied payment of policy benefits,

and Mrs. Bryant brought the present action to collect the benefits.

The matter is presently before the court on Allstate's motion for summary judgment. Although Edna Bryant admits her husband committed the arson, she denies that she was involved. Even so, however, the court holds that the fact that Mr. Bryant, a co-insured under the policy, committed the arson is enough to bar recovery, even though Mrs. Bryant may have been innocent, and the motion for summary judgment must be granted. Therefore, in the view of the court plaintiff's claim of innocence does not raise an issue of *material* fact. *See* Fed.R.Civ.P. 56(c).

Courts that have passed on the issue with which the court is now presented have not been uniform in its resolution.[1] Until relatively recently, virtually all courts held that recovery under an insurance policy was barred in this situation, although somewhat different rationales were employed. The majority of cases apply the rule that both spouses are barred, even though one was innocent, on the theory that their interests are "joint and nonseparable" and the fraud of one is the fraud of the other.[2] These cases place great emphasis on the manner in which the title to the insured property is held. Their approach is well summarized in Anno. 11 ALR 4th 1229 as follows:

"Generally speaking, the determination of the question whether an innocent coinsured may recover on fire insurance after another coinsured has intentionally burned the covered property ordinarily depends upon whether the interests of the coinsured are joint or severable. Thus, where the interests of the coinsureds are considered joint and nonseparable, it has been held that an innocent coinsured may not recover on a fire insurance policy following an act of arson by another insured."

Other cases use a less technical rationale, denying recovery on the ground that arson by one of the insureds is not a risk insured against. These cases emphasize the consideration that to allow recovery by the innocent spouse, however appealing this might be emotionally, is in effect to rewrite the insurance contract.[3]

The approach emphasizing the nature of the risk insured under the policy, rather than the joint or separate nature of the property interests of the insureds, is well stated in *Matyuf v. Phoenix Insurance Company*, 27 Pa.D. & C.2d 351, 353–54 (1933).

"The wording of the standard form of fire policy, including the use therein of the terms 'loss' and 'hazards', would seem clearly to manifest the intent of the contract as being that it shall insure against losses resulting from the hazards of fire to which the insured property is involuntarily and necessarily exposed. These would include the danger of incendiarism committed by a third person for whose acts the assured is not responsible, and would include also a burning by the assured under the influence and as the result of insanity, that not being his responsible act, but being the product of a mental condition, coming upon him which takes away his capacity to act as an intelligent and responsible human being, and it is thus an accidental destruction within the scope and intent of the contract. (*Showalter v. Insurance Co.*, 3 Pa.Superior Ct., 448, 450–452); *but they would not include the voluntary burning by a sane assured, the destruction in such case not being the result of a 'hazard' but a result which is the product of his own will, and therefore not constituting a 'loss' within the*

---

1. An exhaustive enumeration of the cases may be found in Anno. 11 ALR 4th 1228 (1982).

2. *See, e.g., Klemens v. Badger Mutual Insurance Company of Milwaukee*, 8 Wis.2d 565, 99 N.W.2d 865 (1959); *Bridges v. Commercial Standard Ins. Co.*, 252 S.W.2d 511 (Tex.Civ.App. 1952); Anno., 11 ALR 4th at 1229.

3. *See, e.g., Short v. Oklahoma Farmers Union Ins. Co.*, 619 P.2d 588 (Okla.1980); *Cooperative Fire Insurance Association of Vermont v. Domina*, 399 A.2d 502 (Vt.1979).

*proper meaning of that term as used in the insurance contract."* (Emphasis added)

Plaintiff here relies on a more recent line of cases, which place emphasis on the purported injustice of holding an innocent person barred from recovering at least one-half the proceeds of the policy by the guilty act of his or her spouse.[4] These cases disregard the manner in which the title to the property is held and allow recovery of one-half of the proceeds to an innocent spouse, even though the co-insured may have deliberately torched the insured property. Many of them cite the Married Women's Acts providing that an innocent wife should not be liable for the tort of her husband.

As emotionally appealing as the approach of these last cited cases may be, this court believes that their result is contrary to sound public policy and to the law of Kentucky, which holds that an insurance policy is a contract much like any other contract, and if unambiguous it must be enforced according to its terms.[5] As Judge Martin of the United States Court of Appeals of the Sixth Circuit said when Chief Judge of the Kentucky Court of Appeals, a court "may not read into a policy of insurance conditions and terms which are not incorporated therein".[6]

In the instant case, the insurance policy was commendably written in simplified English, and its applicable provisions are clear as spring water. They are as follows:

### "Concealment and Fraud

This policy is void if any insured person intentionally conceals or misrepresents any material facts or circumstances, before or after loss."

\*　　\*　　\*　　\*　　\*　　\*

### "Exclusions—Losses We Do Not Cover

We do not cover loss or damage to the property described in the **Dwelling Protection** coverage resulting directly or indirectly from:

\*　　\*　　\*　　\*　　\*　　\*

(5) Neglect of an **insured person** to take all reasonable steps to save and preserve property at and after a loss or when the property is endangered by a loss we cover.

\*　　\*　　\*　　\*　　\*　　\*

(13) Any loss occurring while the hazard is increased by any means within the control or knowledge of an **insured person**."

To accept the emotionally appealing argument of the plaintiff would be to rewrite the policy and impose upon the insurance company a risk that it did not insure. The court sees no injustice in requiring the company to pay only for those risks it insured, where, as here, the coverages are spelled out in clear and unambiguous language.

This court agrees that this problem should be approached as a contractual one rather than one involving the "law governing land titles", but it rejects the notion that any person should have the "reasonable expectation"[7] of recovering insurance proceeds on property burned down by one of the owners. We do not see our approach as saddling the plaintiff with the consequences of a crime that she did not commit,[8] but rather as only requiring the company to pay solely for those losses it

---

**4.** *See,* 11 ALR 4th 1229, 1232; *Steigler v. Insurance Company of North America,* 384 A.2d 398 (Del.1978); *Economy Fire and Casualty Company v. Warren,* 71 Ill.App.3d 361, 28 Ill.Dec. 194, 390 N.E.2d 361 (1979); *Delph v. Potomac Insurance Company,* 95 N.M. 257, 620 P.2d 1282 (1980); *Winter v. Aetna Casualty and Surety Company,* 96 Misc.2d 497, 409 N.Y.S.2d 85 (1978); *Lovell v. Rowan Mutual Fire Insurance Company,* 302 N.C. 150, 274 S.E.2d 170 (1981).

**5.** *Kentucky Water Service Company v. Selective Insurance Company,* 406 S.W.2d 385 (Ky.1966).

**6.** *Old Reliable Insurance Company v. Brown,* 558 S.W.2d 190, 191 (Ky.App.1977). *See also, Weaver v. National Fidelity Insurance Company,* 377 S.W.2d 73 (Ky.1964).

**7.** *See Steigler v. Insurance Company of North America,* 384 A.2d 398, 401 (Del.1978).

**8.** *Id.* at 402.

insured and not for those which were clearly excluded by unambiguous language.

This view is in accord with sound public policy. For whatever reason, there are an unusual number of arson cases involving residences on both the civil and criminal dockets of this court, and presumably other courts. This court agrees with the Supreme Court of Oklahoma, which said:

"In today's increasingly urban environment arson is a continuing threat to adjoining landowners, the public at large and the municipality which must combat such conflagrations. To allow recovery on an insurance contract where the arsonist has been proven to be a joint insured would allow funds to be acquired by the entity of which the arsonist is a member and is flatly against public policy."[9]

Accordingly, the defendant's motion for summary judgment must be granted and the complaint dismissed. A judgment to that effect will this day be entered.

---

**9.** *Short v. Oklahoma Farmers Union Ins. Co.,* 619 P.2d 588, 590 (Okla.1980).