Fiorangelo **SPEZIALETTI** and Lorraine Spezialetti, husband and wife, d/b/a Spezi's Lorraine Spezialetti, Appellant,

v.

**PACIFIC EMPLOYERS INSURANCE COMPANY, Appellee.**

No. 84–5453.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6), Feb. 28, 1985.

Decided April 30, 1985.

Rehearing and Rehearing En Banc Denied May 22, 1985.

John A. Mihalik, Bloomsburg, Pa., for appellant Lorraine Spezialetti.

Gerald J. Dugan, Susan M. Danielski, Cozen, Begier & O'Connor, Philadelphia, Pa., for appellee Pacific Employers Ins. Co.

Before ADAMS, WEIS, and WISDOM,* Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

In this diversity case, a wife asserts that as an innocent spouse she is entitled to recover fire insurance proceeds on jointly owned premises that were destroyed by arson for which her husband was convicted. The district court held that since both husband and wife were named insureds in the policy, an exclusion denying coverage where a fraudulent act was committed by "any insured" applied. We agree and will affirm summary judgment for the defendant insurer.

Plaintiff Lorraine Spezialetti and her husband Fiorangelo owned and operated a bakery business in Bloomsburg, Pennsylvania. On July 21, 1981, the establishment was destroyed by fire. At that time, the premises were covered by a fire insurance policy issued by defendant. When defendant denied payment, the Spezialettis filed this suit, which was later removed to the United States District Court for the Middle District of Pennsylvania.

On January 26, 1984, Fiorangelo was convicted in the Court of Common Pleas of Columbia County, Pennsylvania, of arson for having started a fire with the intent to destroy or damage the property and with the intent to collect insurance for the loss. Following the conviction, Fiorangelo was dismissed as a party plaintiff by stipulation of the parties. On June 26, 1984, the district court granted summary judgment in favor of defendant.

Both Lorraine and Fiorangelo were named insureds under the policy. It contained an exclusion clause stating,

"[The] insurance shall not apply to loss or damage ... [resulting from] any dishonest act or omission by any insured, or by any authorized representative thereof, or by any employee thereof, while working or otherwise, and whether acting alone or in concert with others."

Rejecting Mrs. Spezialetti's argument that as an "innocent spouse" she was entitled to recover for her interest in the property, the court concluded, "The exclusion clause of the insurance policy relied upon by Pacific could not be any clearer."

On appeal, plaintiff contends that because she was not aware of the exclusion, she is not bound by it. In addition, she argues, that a recent decision of the Pennsylvania Supreme Court permits an innocent insured to recover policy proceeds. As a last resort, she urges that the language of the provision is ambiguous.

For many years *Bowers Co. v. London Assurance Corp.*, 90 Pa.Super. 121 (1926), was the only appellate decision in Pennsylvania discussing the liability of an insurance company to an "innocent insured" after a co-insured had committed arson. In that case, the seller of an automobile under a conditional sales agreement and the owner were both named as insureds under a fire policy "as their interest may appear." The court held that each had a joint interest in the policy, and the seller was barred from recovery by the wrongful action of the owner. "[T]he policy did not purport to insure the interests of the assured in severalty but jointly" and hence "recovery on the policy is prevented by the fraudulent act of either of the assured whether partici-

---

* The Honorable John Minor Wisdom, Circuit Judge, United States Court of Appeals for the

Fifth Circuit, sitting by designation.

pated in by the other or not." *Id.* at 125, 127.

The Court of Common Pleas of Washington County, Pennsylvania cited *Bowers* in denying recovery on a policy which listed husband and wife as insureds. *Matyuf v. Phoenix Ins. Co.*, 27 Pa. D. & C.2d 351 (1933). In *Mele v. All-Star Ins. Co.*, 453 F.Supp. 1338, 1342 (E.D.Pa.1978), the court, relying on the "clear, albeit somewhat vintage position of the Pennsylvania courts" reached the same result in a husband-wife case.

The District Court for the Western District, however, permitted an innocent spouse to recover one-half of the loss in *Opat v. State Farm Fire & Cas. Ins. Co.*, 542 F.Supp. 1321 (W.D.Pa.1982), reasoning that the policy language did not state whether the interests of the named insureds or their obligations were joint or several.

The first time the Pennsylvania Supreme Court addressed the issue was in *Giacobetti v. Insurance Placement Facility of Pennsylvania*, 500 Pa. 447, 457 A.2d 853 (1983). In that case, the named insureds were "Manusov Family Trust, Harry Kracoff, Trustee, and Harry Kracoff, A.T.I.M. A." (as their interest may appear). Harry Kracoff was found to have set the fire that damaged the insured building.

The Supreme Court held that Kracoff's wrongful conduct barred his recovery and also that of the beneficiaries under the trust who were the natural objects of his bounty. The ruling was based on the "common law principle that a person will not be permitted to profit by his own wrong, particularly his own crime." *Id.* at 455, 457 A.2d at 857. However, since it appeared that Kracoff acted alone in the arson, there was no basis for denying recovery to the other beneficiaries. The court observed that a trustee as such is not an agent of a beneficiary and no evidence in that case justified imputing Kracoff's conduct to the entire trust.

Following the *Giacobetti* case, the District Court for the Middle District of Pennsylvania in *Kellner v. Royal Indemnity*

*Co.*, 605 F.Supp. 326 (M.D.Pa.1984), held that arson by the equitable owner of a building would not bar recovery on a fire policy that also covered the holder of legal title. In that case, there was an arm's length buyer-seller relationship between the buyer-arsonist and the sellers, and the parties held clearly disparate interests.

■ *Giacobetti, Opat,* and *Kellner* demonstrate that an innocent co-insured is no longer automatically precluded from recovery as a matter of law. It is fair to say that Pennsylvania now requires that the intent and relationship of the parties be established. The facts in some cases establish that the underlying reason for denying coverage does not exist and in those circumstances it would be inequitable to apply an absolute bar.

Although often not expressed, the major concern of the cases denying recovery is the fear of collusion and fraud. Particularly in the husband and wife cases, an equally guilty spouse might recover policy proceeds because of the difficulty of proving participation in or knowledge of the arson committed by the other spouse. *See generally*, Note, The Problem of the Innocent Co-Insured Spouse: Three Theories on Recovery, 17 Val.L.Rev. 849 (1983). To overcome this problem, the parties may pre-ordain the result by clear and unambiguous contract terms. 12 Appleman, Insurance Law & Practice § 7004, at 37–43 (1981).

The policy terms in some cases have been less than specific. In *Opat, Giacobetti,* and *Kellner,* the policy used the term "the insured." That phrase admits of some uncertainty when used in circumstances where the various persons covered by the policy have adverse or joint interests. As the court pointed out in *Opat,* the policy did not make it clear whether it covered the several, joint, or joint and several interest in the insured property. The policy in *Giacobetti* similarly lacked specificity.

■ That deficiency does not exist here where the policy refers to "any insured," not "the insured." The district court cor-

rectly focused on the language of the policy and found that it denied coverage for a loss caused by a dishonest act of "any" insured. It had been established that Fiorangelo, a named insured, set the fire. That being so, he was covered by the term "any insured" and by its terms the exclusion applied.

Mrs. Spezialetti tries to avoid a clear application of the clause here by conjuring up ambiguities. For example, in her brief she questions whether "any insured" refers to any person covered under this policy or anyone of the thousands of people insured by the defendant company. Also, she questions whether recovery would be denied if a disgruntled employee set a fire in an effort to harm the owners of the premises.

As we said in *St. Paul Fire & Marine Ins. Co. v. U.S. Fire Ins. Co.*, 655 F.2d 521, 524 (3d Cir.1981), a court should read policy provisions to avoid ambiguities if possible and should not torture the language to create them. We have no difficulty in determining that in this case "any insured" means one covered by the policy issued on the bakery premises. We need not resolve the theoretical question of a disgruntled employee, but leave it to the day when, if ever, it arises.

Nor do we find any merit to the plaintiff's contention that she was unaware of the exclusion. The efficacy of such a disclaimer under *Hionis v. Northern Mut. Ins. Co.*, 230 Pa.Super. 511, 327 A.2d 363 (1974), was roundly rejected in *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563 (1983). Where, as here, the contract language is "clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read the limitation or that he did not understand it." *Id.* at 307, 469 A.2d at 567.

We conclude that the case was properly decided by the district court. Accordingly, its judgment will be affirmed.