640 A.2d 1283

**Ralph G. McALLISTER and Rodney E. McAllister**

v.

**MILLVILLE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1994.

Filed March 24, 1994.

Reargument Denied May 26, 1994.

Rebecca L. Warren, Bloomsburg, for appellant.

David B. Dowling, Harrisburg, for appellees.

Before CIRILLO, BECK and HOFFMAN, JJ.

CIRILLO, Judge.

This is an appeal from an order denying appellant Millville Mutual Insurance Company's (Millville) motion for judgment on the pleadings, granting appellees' motion for judgment on the pleadings, and directing Millville to pay appellees their respective one-third interests in fire insurance proceeds. We reverse.

In November of 1988, Millville issued a joint fire insurance policy to appellees Ralph G. McAllister and Rodney E. McAllister, and to their brother John D. McAllister. The policy covered one residential dwelling and surrounding barns. The policy was scheduled to expire on November 22, 1991.

On December 2, 1990, the insured dwelling was destroyed by a fire intentionally set by John D. McAllister. After admitting to his crime, John D. McAllister was convicted of arson. Thereafter, appellees, as co-insureds, requested payment of fire insurance proceeds from Millville. Millville refused to pay based upon two exclusionary provisions under the policy:

**EXCLUSIONS THAT APPLY**

We do not pay for loss resulting directly or indirectly from:

5. **Neglect**—This means neglect by an insured to use all reasonable means to save covered property at and after the time of a loss. It also means neglect by any insured to use all reasonable means to save and preserve covered property when endangered by a peril insured against.

11. **Intentional Acts**—We do not pay for a loss which results from an act committed by or at the direction of an insured and with the intent to cause a loss.

Forms FL–20 AAIS and FL–250 AAIS (emphasis added and omitted).

The appellees filed a complaint against Millville to recover the insurance proceeds. Millville filed preliminary objections causing the appellees to file an amended complaint. Thereafter, Millville's preliminary objections were denied. Millville filed an answer and new matter and the appellees responded.

After the pleadings were closed, both parties filed motions for judgment on the pleadings. On March 24, 1993, the Honorable Scott W. Naus issued an opinion and order granting the appellees' motion and denying Millville's motion, finding that each appellee was entitled to receive his one-third share of the proceeds due under the terms of the policy.

Millville then filed a motion to vacate the order. The March 24, 1993 order was vacated and Millville was permitted to file a brief in opposition to appellees' motion for judgment on the pleadings. After briefs were submitted, Judge Naus granted appellees' motion for judgment on the pleadings and denied Millville's motion for judgment on the pleadings. The order again directed Millville to pay appellees their respective one-third interests in the insurance proceeds.

Millville presents two issues for our consideration:

(1) Whether the insurance policy's clear and unambiguous exclusionary language must be given its plain meaning thereby precluding recovery by the appellees?

(2) Whether the appellees are precluded from recovering for losses with respect to their spouses' interest in the property when the spouses are separate insureds?

In reviewing a trial court's decision granting a motion for judgment on the pleadings, the appellate court's scope of review is plenary; the appellate court will apply the same standard employed by the trial court. *Kelly v. Nationwide Ins. Co.*, 414 Pa.Super. 6, 606 A.2d 470 (1992). A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1034. Thus, a trial court must confine its consideration to the pleadings and relevant documents and accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed. The court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise. *Jones v. Travelers Ins. Co.*, 356 Pa.Super. 213, 514 A.2d 576

(1986); *Vogel v. Berkley,* 354 Pa.Super. 291, 511 A.2d 878 (1986).

 Principles of public policy and common law prohibit one from profiting from his own wrong, particularly his own crime. *Greifer's Estate,* 333 Pa. 278, 279, 5 A.2d 118, 119 (1939); 18 *Couch on Insurance 2d* § 74:663 (1984). Therefore, the voluntary and intentional burning of covered property by the insured or by another with the insured's authority, procurement, or connivance, does not create a right of recovery under the policy. *Electric Credit Corp. v. Aetna Casualty & Surety Co.,* 437 Pa. 463, 263 A.2d 448 (1970); *First Nat. Bank v. Newark Fire Ins. Co.,* 118 Pa.Super. 582, 180 A. 163 (1935). In addition, insurance contracts, like the one issued by Millville, often contain provisions specifically excluding coverage for certain intentional and/or negligent acts of the named insureds. The admittedly intentional acts of John McAllister, therefore, clearly prohibit him from recovering any insurance proceeds, as his actions were contrary to both the provisions of the insurance policy and the public policy of this Commonwealth.

The issue to be decided in this case, however, is whether the exclusionary provisions of the policy preclude the appellees, as "innocent" co-insureds, from recovering under the policy. The appellees argue that the exclusionary clauses do not bar recovery by innocent co-insureds, such as themselves. Specifically, the appellees contend that because the policy defines each insured as a separate insured under the policy, the intentional acts exclusion which bars recovery when "an insured" intentionally causes a loss is ambiguous and, therefore, must be construed against Millville, as the drafter. In contrast, Millville contends that the above-referenced exclusionary clause of the policy is clear and unambiguous and, therefore, bars recovery by the appellees.

Courts of this Commonwealth and other jurisdictions have grappled with this issue. We will first trace the legal development of this issue and distill the appropriate legal standard to be applied. Next, we will examine the insurance policy at issue and apply that legal standard to the facts before us.

This issue was first addressed, generally, in *Bowers Co. v. London Assurance Corp.*, 90 Pa.Super. 121 (1926). There, a seller of automobiles had a conditional sales agreement with an owner to sell the owner's automobile. The seller and owner were both named insureds under a fire insurance policy "as their interest may appear." Thereafter, the owner committed arson against the insured property. This court held that the seller was barred from recovery due to the wrongful acts of the owner because "the [language of the] policy did not purport to insure the interests of the assured in severalty but jointly" and thus, "recovery on the policy is prevented by the fraudulent act of either of the assured whether participated in by the other or not." *Id.* at 125, 127.

Fifty-six years later, conversely, the District Court for the Western District of Pennsylvania, applying Pennsylvania law, permitted recovery by an innocent insured where the policy language did not state whether the interests of the named co-insureds (husband and wife) were joint or several. *Opat v. State Farm Cas. & Ins. Co.*, 542 F.Supp. 1321, 1327 (W.D.Pa. 1982). Specifically, an exclusionary provision in the policy provided that the policy would be void "in case of any fraud or false swearing by 'the insured.'" (emphasis added). The court found that this language shed no light on whether the obligations or interests of the insureds were joint or several. *Id.* at 1326.

Next, the Pennsylvania Supreme Court in *Giacobetti v. Insurance Placement Facility of Pennsylvania*, 500 Pa. 447, 457 A.2d 853 (1983), spoke to this issue. There, the named insureds were "Manusov Family Trust, Harry Kracoff, Trustee, and Harry Kracoff, A.T.I.M.A." (as their interest may appear). A co-insured, Harry Kracoff, was found to have set a fire that destroyed the insured property. The Court held that Kracoff's intentional misconduct barred his recovery and that of those beneficiaries who were the natural objects of his bounty. *Id.* at 454–455, 457 A.2d at 856–57. The Court permitted coverage with respect to the other beneficiaries under the trust because there was no evidence that any of these individuals assisted in or approved of Kracoff's wrongful conduct. *Id.*

Next, the Third Circuit Court of Appeals, after examining an exclusionary clause in an insurance contract, denied recovery to an "innocent" co-insured. *Spezialetti v. Pacific Employees Ins. Co.*, 759 F.2d 1139 (3d Cir.1985). In that case, an innocent co-insured (wife) argued that she was entitled to recover fire insurance proceeds on jointly owned property that was destroyed by her husband. The insurance policy named both spouses as insureds and contained an exclusionary clause stating:

[The] insurance shall not apply to loss or damage ... [as a result of] any dishonest act or omission by **any insured,** or by any authorized representative thereof....

The wife argued that the exclusion was ambiguous. The Third Circuit disagreed and held that the language of the exclusion could not have been any clearer and, therefore, denied the wife's claim. *Id.* at 1142. The court intimated that the outcome may have been different had the exclusion used the term "the insured" instead of "any insured." *Id.* at 1141.

■ Next, in *Maravich v. Aetna Life & Cas. Co.*, 350 Pa.Super. 392, 504 A.2d 896 (1985), this court announced the general standard to be employed when determining whether an innocent co-insured may recover insurance proceeds. Generally, whether an innocent co-insured will be allowed to recover under an insurance policy after another co-insured has intentionally destroyed the insured property depends on whether the interests of the co-insureds are joint or severable. *Id.* at 403, 504 A.2d at 902. Courts make this determination by examining the interests of the co-insureds as expressed in the insurance policy, and not by looking to the insureds' respective interests in the insured property. *Id.* at 405, 504 A.2d at 903; *see also McDivitt v. Pymatuning Mutual Fire Ins. Co.*, 303 Pa.Super. 130, 449 A.2d 612 (1982) ("Property ownership ... is of minimal importance in determining entitlement to the proceeds of insurance, since the nature and extent of various rights and obligations of the parties are governed by the terms of the insurance contract"). Therefore, whether the named insureds are tenants by the entireties, tenants in common, or otherwise, is of no real significance to the resolution of the issue at hand.

In *Maravich*, Aetna Life and Casualty Company issued a fire insurance policy to David G. Maravich and Donna M. Maravich, as husband and wife. *Maravich*, 350 Pa.Super. at 410, 504 A.2d at 906. The Husband intentionally destroyed the insured property. Thereafter, the Wife, as an innocent co-insured, sought coverage under the Aetna policy. The policy did not define whether the interests of the Husband and Wife were joint and indivisible or separate. In addition, the exclusionary provisions of the policy did not clearly bar recovery by an innocent insured in the event the property was destroyed or damaged by the other. The exclusion provided:

> We do not cover loss resulting directly or indirectly from:
>
> Neglect, meaning neglect of **the insured** to use all reasonable means to save and preserve property at or after the time of a loss....

(emphasis added). After examining this policy language, this court distinguished those cases where the insurance policies excluded coverage in the event of a dishonest act by "any insured," from those, like *Maravich*, where the policies denied coverage in the event of a dishonest or negligent act by "the insured." *Id.* at 407–08, 504 A.2d at 904–05. We stated:

> Our research discloses that only two courts applying the contract construction analysis have denied recovery to an innocent spouse (co-insured). In *Spezialetti*, a policy exclusion voided the policy upon the commission of a wrongful act by "any insured," and in *Bryant* [*v. Allstate Insurance Co.*, 592 F.Supp. 39 (D.Ky.1984) ], the policy excluded coverage to "an insured" who failed to take reasonable efforts to save and preserve the property. *The language in these policies, the courts held, unequivocally excluded coverage for both spouses (insureds) in the event of a wrongful act by either.*

*Id.* (citations omitted) (emphasis added).

■ The applicable legal standards to be gleaned from the case law, therefore, are as follows: If, after an examination of the policy, the court still cannot determine whether the interests and obligations of the named insureds are joint or several—e.g., the exclusions do *not* unequivocally exclude coverage

for innocent insureds—then the court must interpret the ambiguity in favor of the insureds and find the obligations of the insureds under that particular exclusion to be **several** or **separate.** Under these circumstances, therefore, an innocent co-insured would not be precluded from recovering his or her share of the proceeds under the policy. *See Maravich, supra; see also Richards v. Hanover Ins. Co.,* 250 Ga. 613, 299 S.E.2d 561 (1983) (holding that where homeowner's policy excluded coverage in the event of neglect of "the insured," the obligation to preserve the property was several and separate and, therefore, co-insured husband's wrongful conduct in destroying the home by fire could not be imputed to the innocent insured wife); *Morgan v. Cincinnati Ins. Co.,* 411 Mich. 267, 307 N.W.2d 53 (1981) (holding that a provision in a fire insurance policy voiding coverage if "the insured" committed fraud would be read as barring only the claims by the insured who committed the fraud); *Ryan v. MFA Mut. Ins. Co.,* 610 S.W.2d 428 (Tenn.1980) (holding that since reasonable persons considering policy references to fraud of "the insured" and neglect of "the insured" would conclude that only the guilty insured could not recover under the policy, co-insured husband would not be barred by wife's misconduct in setting fire to the insured property).

Conversely, if the language of the policy, particularly the exclusionary clause, clearly indicates that the insureds' obligations are joint, then the prohibited acts of one insured bar all others from recovering. *See Spezialetti, supra; see also Dolcy v. Rhode Island Joint Reinsurance Assn.,* 589 A.2d 313 (R.I.1991) (holding that a homeowner's policy exclusion for intentional losses committed by "an insured" imposed a joint obligation on co-insureds not to commit arson); *Vance v. Pekin Ins. Co.,* 457 N.W.2d 589 (Iowa 1990) (holding that under a homeowner's policy stating that the policy did not insure for any loss arising out of any acts committed by "an insured," all insureds were barred from recovery if any insured committed the act); *Woodhouse v. Farmers Union Mut. Ins. Co.,* 241 Mont. 69, 785 P.2d 192 (1990) (holding that policy exclusion for loss caused by intentional act of "an insured" barred recovery by innocent insured); *American Family Mut.*

*Ins. v. Bowser,* 779 P.2d 1376 (Colo.1989) (holding that instruction properly eliminated the possibility of recovery by the wife as innocent co-insured where insured excluded coverage for any loss arising by or at the direction of "any insured").

 We must now review the insurance policy at issue in this case. First, however, we note that the standards to be applied in reviewing insurance contracts are well settled. The proper focus regarding issues of coverage under insurance contracts is the reasonable expectation of the insured. *Dibble v. Security of America Life Ins. Co.,* 404 Pa.Super. 205, 210, 590 A.2d 352, 354 (1991). In determining the reasonable expectations of the insured, courts must examine the totality of the insurance transaction involved. *Id.* However, while reasonable expectations of the insured are the focal points in interpreting the contract language of insurance policies, *see Collister v. Nationwide Life Insurance Co.,* 479 Pa. 579, 388 A.2d 1346 (1978) and *Winters v. Erie Insurance Group,* 367 Pa.Super. 253, 532 A.2d 885 (1987), an insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous. *Bateman v. Motorists Mut. Ins. Co.,* 527 Pa. 241, 244, 590 A.2d 281, 283 (1991); *see also Neil v. Allstate Insurance Co.,* 379 Pa.Super. 299, 549 A.2d 1304 (1988); *St. Paul Mercury Ins. Co. v. Corbett,* 428 Pa.Super. 54, 630 A.2d 28 (1993) (en banc).

 Here, the trial court examined the fire insurance policy issued by Millville to the three McAllister brothers. The court took special notice of the definitional section of the policy which states that "[e]ach person ... is a separate **insured** under this policy...." (emphasis in original). When looking at this provision in conjunction with the exclusionary clauses in the policy which deny coverage for losses resulting from negligent or intentional acts committed by **"any insured"** or **"an insured,"** respectively, the trial court found the policy to be ambiguous as to whether the obligations of the appellees and John D. McAllister under the exclusions were joint or several. Based on this finding, the court construed the terms of the policy against Millville, as drafter, and

permitted the appellees to recover their one-third interests under the policy. We find that this interpretation tortures the plain and unambiguous language and meaning of the policy and is contrary to the legal standards articulated above.

Notwithstanding the provision which defines each named insured as a "separate insured" under the policy, the policy specifically provides that Millville will not pay for loss resulting from neglect by "any insured" or from the intentional acts of "an insured." The use of the terms "any" and "an" in the exclusions clearly indicate that the insureds' obligations under the policy's neglect and intentional provisions are joint, not several. Finding these obligations to be joint, the intentional actions of John D. McAllister bar any recovery by the appellees. *Spezialetti, supra.* We, therefore, reverse the trial court's order granting the appellees' motion for judgment on the pleadings and directing Millville to pay appellees their one-third interests under the insurance contract. *Kelly, supra.*[1]

Order reversed.

BECK, J., files a dissenting opinion.

BECK, Judge, dissenting:

I dissent. The majority acknowledges the general standard set forth in *Maravich v. Aetna Life & Cas. Co.*, 350 Pa.Super. 392, 504 A.2d 896 (1985), that "whether an innocent co-insured will be allowed to recover under an insurance policy after another co-insured has intentionally destroyed the insured property depends on whether the interests of the co-insureds are joint or severable." Majority Opinion at 337. Yet at the same time, the majority ignores the clear and unambiguous language in the definitional section of the policy that establishes that "[e]ach person ... is a separate **insured** under this policy ..." (emphasis in original).

The cases cited by the majority do tend to distinguish between joint and severable interests in an insurance policy

---

1. Because we reverse the trial court's order granting the appellees' motion for judgment on the pleadings, we find it unnecessary to address Millville's remaining contention.

based upon the use in the relevant exclusionary clauses of "an" and "any" (suggesting joint interests) or "the" (suggesting severable interests). However, the application of this rule of construction was necessary because none of the cited cases involved policies with a clear pronouncement that the co-insureds' interests were in fact separate.

In this case, the language in the definitional section of the policy expressly establishes that the interests of the co-insureds are severable. I believe that this definition is the operative phrase, and it certainly is more meaningful than the articles "an", "any" or "the".[1]

I would affirm the trial court's denial of appellant's motion for judgment on the pleadings, because under the unambiguous language of the insurance policy, the innocent co-insureds are entitled to recover their share of the insurance proceeds.

---

1. At the very least, the apparent conflict between the language in the definitional section and the use of "an"/"any" in the exclusionary clause creates an ambiguity which must be resolved in favor of the insured. *See, e.g., Koenig v. Progressive Ins. Co.*, 410 Pa.Super. 232, 599 A.2d 690 (1991).