Hillman, J.
The plaintiff Doreen Theriault (“The-riault”) filed this action against Mutual Fire Insurance Company (“Mutual”), the issuer of her homeowners’ insurance policy. Theriault seeks payment under her homeowners’ insurance policy for damages resulting from a fire loss on January 22, 1994.
Mutual has filed a motion for summary judgment, contending that Theriault’s loss is not covered by her homeowners’ insurance policy as it was caused by an insured household member. Theriault has opposed summary judgment, arguing that the terms of the homeowners’ policy are ambiguous, and that she is entitled to recover under the policy.
For the following reasons, Mutual’s motion for summary judgment is allowed.
BACKGROUND
The following facts are undisputed.
Mutual issued a homeowners’ insurance policy to Theriault and Richard J. MacDonald, as co-owners of 22 Norfolk Street in Worcester, which covered the period from December 5, 1993 through December 5, 1994. The homeowners’ policy contains the following language, which is at issue here:
“Insured” means you and residents of your household who are:
a. Your relatives; or
b. Other persons under the age of 21 or in the care of any person named above.
* * * *
“Intentional Loss [is excluded from the terms of coverage], meaning any loss arising out of any act committed;
1) By or at the direction of an ‘insured’; and
2) With the intent to cause a loss."
On January 12, 1994, Theriault’s residence was damaged as a result of a fire. In April of 1995, MacDonald was convicted of arson in connection with the fire. Mutual refused to pay Theriault’s claim for property damage, citing the above-referenced “intentional loss” exclusion.
Theriault then filed this action alleging breach of the contract of insurance and misrepresentation on the part of the insurer.
DISCUSSION
Mutual seeks summary judgment on Theriault’s claims for payment under her homeowner’s insurance policy, contending that the “intentional loss” exclusion precludes her recovery. A court grants summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion . . .” Id. A party moving for summary judgment who does not bear the burden of *425 proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991).
Counts I and II — Breach of Contract
The issue presented here, whether Theriault is entitled to recover under the terms of her insurance policy where a coinsured causes an intentional loss, is appropriate for resolution by summary judgment. Where “there are no material facts in dispute” and “[t]he only dispute is about the proper interpretation of the relevant insurance polic[y],” a question of law is raised and may be resolved by way of summaryjudgment. Massachusetts Bay Transportation Authority v. Allianz Ins. Co., 413 Mass. 473, 476 (1992).
The insurance policy at issue is unambiguous both in the abstract and when applied to the facts of this case. The “intentional loss” exclusion precludes coverage for “any loss arising out of any act committed . . . [b]y or at the direction of an ‘insured’ ...” “(A]n insured” as defined by the “definitions” portion of the insurance contract means the signatories to the insurance contract, in this case, Theriault and MacDonald. MacDonald, an “Insured” under the terms of the policy, caused the fire that led to Theriault’s property loss. The insurance policy unambiguously does not provide coverage for such a loss. However, even if this Court found that the intentional loss exclusion was ambiguous, a review of cases interpreting similar exclusions lead to the same result. See, i.e., McAlister v. Millville Mut. Ins. Co., 640 A.2d 1283 (Pa. Super. 1994) (discussion of the meaning of language “an insured” in connection with intentional loss exclusion, recovery by coinsureds prohibited); Dolcy v. R.I. Joint Reinsurance Ass’n, 589 A.2d 313 (R.I. 1991) (where clause excludes coverage for damage intentionally caused by “an insured,” obligation is joint as to all coinsureds, and innocent coinsured may not recover); Vance v. Pekin Ins. Co., 457 N.W.2d 589 (Iowa 1990) (innocent coin-sured precluded from recovery where insurance contract excludes intentional loss by “an insured”).
“Generally speaking, the determination of the question whether an innocent coinsured may recover on fire insurance after another coinsured has intentionally burned the covered property ordinarily depends upon whether the interests of the coinsured are joint or severable. Thus, where the interests of the coin-sureds are considered joint and nonseparable, it has been held that an innocent coinsured may not recover on a fire insurance policy following an act of arson by another insured.” Anno. 11 ALR 4th 1229. In the instant case, the obligation to refrain from 'ntentional loss is a joint obligation, as it applies to loss caused by any named insured. Mutual is accordingly entitled to summaryjudgment on Counts I and II of Theriault’s complaint.
Count III — Fraud/Misrepresentation
Theriault further contends that Mutual misrepresented the terms of the contract to her, and informed her when she purchased the policy that she would be insured “against all losses which might occur.” Her misrepresentation claim must fail for two reasons. First, for Theriault to recover for a misrepresentation or for fraud, her reliance on the false statement of fact must be reasonable. See generally, Saxon Theatre Corp. Of Boston v. Sage, 347 Mass. 662, 666-67 (1964) (to sustain deceit claim, reliance on false representation must be reasonable). Theriault had access to the terms of the policy that she purchased at all times prior to her execution of the insurance application, and the terms of the policy unambiguously contain coverage exclusions. Accordingly, her “reliance” on the promise that she would be covered under all circumstances was not reasonable. Second, Theriault has provided no admissible evidence of any misrepresentation other than the allegation in her complaint; she has attached no affidavit or deposition transcript which would support her claim that Mutual or one of its agents misrepresented any fact to her. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Mutual is therefore also entitled to summary judgment on Theriault’s claim for fraud or misrepresentation.
ORDER
For the foregoing reasons, it is therefore ORDERED that the defendant’s motion for summaryjudgment is ALLOWED.