On June 20, 1994, a gas tank owned by an outdoor equipment company and maintained on the private residence of a company shareholder, exploded during fueling. The fuel truck operator was seriously injured as a result of this explosion. The company shareholder was insured by a business policy and a home owner's policy. Each policy was issued by a different company. Both companies on appeal argue that neither are liable for any loss associated with this incident. We affirm the trial court's determination that the business policy, but not the home owner's policy, covers the loss here.
Defendants/Appellants, John and Karen Metzger (the Metzgers) and Edwin and Marilyn Holdgreve (the Holdgreves), appeal from a declaratory judgment entered in Putnam County Court of Common Pleas, in favor of Plaintiff/Appellee, United Ohio Insurance, Co. (United). Also, Third-Party Defendant/Appellant Universal Underwriters Insurance, Co. (Universal), appeals from a declaratory judgment entered in favor of the Third-Party Plaintiffs/Appellees, the Metzgers and the Holdgreves.
In June of 1994, John Metzger was a shareholder of two corporations, Metzger Brothers, Inc. (MBI) and Metzger Brothers Implements, Inc. (MBII). Both operated outdoor equipment stores. John Metzger was the general manager of MBI located at 21713 County Road U-20, Ft. Jennings, Ohio. John and Karen Metzger resided at 16631 State Route 190, Ft. Jennings, Ohio, approximately seven miles from the MBI store.
On June 20, 1994, a fuel truck operator, Edwin Holdgreve, was seriously injured at the John and Karen Metzger residence while delivering gasoline into a fuel storage tank which exploded during fueling. The fuel tank was positioned inside a "lean-to" shed attached to the Metzgers' garage. The storage tank had been removed from a combine owned by MBI and installed in the early 1980's on the Metzgers' residential property. John Metzger used gasoline from this storage tank for both personal and business related activities. The business use of the MBI owned fuel tank was to store fuel used to power lawn mowers demonstrated by John Metzger at his personal residence to potential MBI customers.
On March 17, 1995, Edwin and Marilyn Holdgreve filed a suit alleging that both suffered injuries caused by the negligent maintenance of the fuel tank by the Metzgers, MBI and MBII. The Holdgreves' suit is a separate action and is not before us.
This action arose upon United's complaint for declaratory judgment brought against the Metzgers, the Holdgreves, MBI and MBII. United had issued a homeowner's insurance policy to the Metzgers and sought, pursuant to R.C. § 2721.04, a judgment declaring that their contract with the Metzgers did not cover any loss arising out of the incident involving Edwin Holdgreve. The Holdgreves answered United's complaint and filed a counter-claim against United seeking a declaratory judgment that the United policy did obligate United to cover the Metzgers for loss arising out of this incident.
Universal issued a business insurance policy to MBI, MBII and Arnold Metzger, a co-owner of both companies. John and Karen Metzger and the Holdgreves filed third-party complaints against Universal seeking a judgment declaring that the Universal policy provided coverage for any loss suffered by the Metzgers as a result of Holdgreves' personal injury suit. Neither MBI or MBII are parties to this appeal.
This case was submitted for final decision upon stipulated facts, depositions, affidavits and the pleadings. The court granted United's complaint for declaratory judgment against all defendants and granted the Holdgreves' and Metzgers' third-party complaints for declaratory judgment against Universal.
This appeal followed.
 I.
The United Policy.
The Metzgers' first assignment of error claims:
1. The trial court's declaration that Karen Metzger was not covered by United Ohio Insurance's Homeowners Policy is a finding contrary to law, against public policy, and interferes with coveture (sic).
The Holdgreves' first assignment of error claims:
1. The trial court erred in granting judgment in favor of United Ohio Insurance Company as Karen Metzger has an insurable interest in the property because her use of the property does not fall within the 'business purpose' exception and thus, appellants Edwin and Marilyn Holdgreve are entitled to recover damages under said policy.
The Metzgers' and Holdgreves' ("the appellants") first assignments of error are related and therefore will be discussed together. The appellants concede that John Metzger was properly denied coverage under the United homeowner's policy because the loss caused by the fuel storage tank's explosion arose out of or was in connection with his business. Appellants argue, however, that the trial court erred when it also precluded coverage for Karen based on the same business use exclusion.
The Holdgreves contend that the business exclusion does not apply to Karen because she is separately insured under the policy. The Metzgers claim Karen is separately insured under the contract and, as an innocent spouse, cannot be held accountable for the conduct of her husband. United responds that Karen and John Metzger are insured jointly and when coverage is denied to any one insured it is denied to all insured.
The interpretation of an insurance contract is a matter of law, and accordingly, an appellate court's review is de novo.Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108, 652 N.E.2d 684, 685.
 Generally, in construing contracts of insurance, words in a policy must be given their plain and ordinary meaning, and only in situations where the contract is ambiguous and thus susceptible to more than one meaning must the policy language be liberally construed in favor of the claimant who seeks the benefits of coverage.
State Farm Auto Ins. v. Rose (1991) 61 Ohio St.3d 528, 531-532,575 N.E.2d 459, 461 (overruled on other grounds); see also,Randolf v. Grange Mut. Cas. Co. (1979), 57 Ohio St.2d 25, 28,385 N.E.2d 1305, 1307 ("language in an insurance contract is to be understood in its ordinary, usual or popular sense").
The Metzgers held their insured property as "John F. Metzger and Karen L. Metzger, Husband and Wife." (Deed). United's homeowner's insurance policy covering their property states on the declaration page:
 Named Insured and Address John Metzger Karen Metzger RT 1 ST 190 Ft. Jennings, OH 45844
Further, policy definitions state in part:
 1. You and your means the "named insured" shown in the Declarations and the spouse if a resident of the same household.
* * *
 4. Insured means you and residents of your household who are: a. your relatives; * * *
Finally, "Conditions" of coverage state in part:
 2. Severability of Insurance. This insurance applies separately to each insured. This condition will not increase our limit of liability for any one occurrence.
(United Policy p. 12, underlined emphasis added).
Whether the parties to an insurance policy "contemplated joint or several coverage" depends on "the terms of the contract." Wagner v. Midwestern Indemn. Co. (1998), 83 Ohio St.3d 287,291, 699 N.E.2d 507, 511. In Wagner, the Ohio Supreme Court affirmed this court's determination that the insurance contract in that case contemplated joint coverage for the benefit of the spouses therein. Id. There, the insurance policy named only one insured and coverage was extended to the insured's spouse because the term " 'You' and 'Your ' " in that policy was defined as including "Your spouse." Id. at 291,699 N.E.2d at 511. Further, the court recognized that the "innocent spouse rule can be contractually nullified by the terms of the insurance contract" and determined that the "the wording of [a] contract [can] specifically negate the innocent spouse rule."Id. at 290-291, 699 N.E.2d at 511.
In our decision in Wagner v. Midwestern Indemn. Co. (Oct. 31, 1996), Seneca App. No. 13-95-51, unreported, we reasoned that "[u]nless the spouse of the named insured is also a separate named insured, there is no several coverage under the policy. The language of the policy regarding who is an insured under the policy dictates who is insured." Id., citing, Buckeye UnionInsurance Company v. Phillips (Aug. 7, 1986), Defiance App. No. 4-84-7, unreported.
In Buckeye Union, this court determined that contract terms in that case provided separate residential homeowner's insurance coverage to a husband and wife. There, the property was held jointly by husband and wife, the insurance policy listed Marlow and Bessie Phillips separately as the named insured, and the policy provided that "this insurance applies separately to each insured." Id. at p. 20.
Here, John and Karen Metzger hold their property jointly and are identified separately as the named insured within the policy's declaration page. Further, the United policy states that "[t]his insurance applies separately to each insured." (United policy p. 12). Therefore, pursuant to the terms of the insurance agreement here, Karen Metzger is separately insured under United's policy. Buckeye Union Insurance Co., Supra.
Karen is covered under the policy not because she happens to be a spouse of a named insured, but rather because she is a named insured. This conclusion, however, does not end our inquiry.
As noted earlier, the terms of a insurance agreement control who may recover under the policy. Wagner, 83 Ohio St.3d at 291,699 N.E.2d at 511. Here, while Karen is a separately insured person as defined by the policy, her recovery is nonetheless contingent on the terms of the insuring agreement.
The business exclusion raised by United reads as follows:
Section II — Exclusions
 1. Coverage E — Personal Liability and Coverage — Medical Payments to Others do not apply to bodily injury or property damage:
* * *
 e. arising out of or in connection with a business engaged in by an insured. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the business.
(United Policy pp. 9-10, emphasis added).
As noted, the Metzgers and Holdgreves concede that John Metzger was properly denied coverage under this exclusion because the loss arose out of or was in connection with a business engaged in by him. United argues, however, that the policy's exclusion also denies coverage to Karen because the policy specifically states that "Coverage E — Personal Liability . . . do[es] not apply to bodily injury. . . arising out of or in connection with a business engaged in by an
insured." (emphasis added). Accordingly, United contends that when this exclusion is invoked by the conduct of "an insured," coverage is unavailable to any and all insured.
The word "an," an indefinite article, "does not fix the identity of the noun modified" by it. The American Heritage Dictionary, Second Ed. (1985) 105, 654. Accordingly, here the use of the word "an" before the word "insured" does not identify the insured whose act must cause the condition excluding coverage. Therefore, it is immaterial that Karen did not contribute to the business use of the fuel tank at her residence. The policy simply does not differentiate as to which insured must cause an unauthorized risk to occur before coverage is precluded. Once an unauthorized risk is caused by "an" or any insured, no coverage is owed.
Other courts have held that similar language clearly and unambiguously indicates that parties to an insurance contract intend to broadly preclude coverage for all insured individuals if the conduct by any one insured invokes a preclusion to coverage. Allstate Ins. Co. v. Lobracco (Nov. 24, 1992), Franklin App. Nos. 92AP-649 and 92AP-650, unreported; see also,Vance v. Pekin Ins. Co. (Iowa 1990), 457 N.W.2d 589, 593; seealso, Watson v. United Services Auto. Ass'n. (Minn. 1997),566 N.W.2d 683; Allstate Ins. Co. v. Smiley (III. App. 1995),659 N.E.2d 1345, 1352 (business activity exclusion for activities of "an insured" precluded recovery for any insured.); Woodhousev. Farmers Union Mutual Ins.Co. (Mont. 1990), 785 P.2d 192, 194
(coinsured innocent spouse could not recover because policy excluded coverage if loss caused by intentional act of "an insured"); Bryant v. Allstate Ins. Co. (E.D. Ky. 1984),592 F. Supp. 39, 41.
In Lobracco, the court determined that coverage for loss caused by a husband guilty of sexual abuse was unavailable to the wife, "not due to any common-law rule that a wife isresponsible for her husband's actions, but due to the fact thatthe insurance contract precludes coverage for all insureds ifthe actual damages occur as a result of one insured'sintentional acts." Id. The same conclusion is compelled here. Karen's coverage is not contingent on whether her co-insured spouse is able to recover because of an unauthorized risk he engaged in on their residential premises. Rather, Karen's coverage is precluded because all coverage is precluded where a loss occurs in connection with any co-insured's activity which is a risk not covered by the contract.
By contrast, some courts have held that use of the definite article "the" before the word "insured" in a policy insuring more than one person indicates that an exclusion applies only to the insured who committed the unauthorized act. HogsUnlimited v. Farm Bureau Mut. Ins. Co. (Minn. 1987),401 N.W.2d 381, 384; Morgan v. Cincinnati Ins. Co. (Mich. 1981),307 N.W.2d 53, 54-55. Here, however, the policy's exclusion states "an insured," and accordingly, does clearly and unambiguously preclude coverage for all insureds when any insured causes loss due to unauthorized activities. Lobracco, supra.
Accordingly, the judgment of the trial court declaring that Karen Metzger has no right to a separate recovery was proper. The Holdgreve's and Metzger's first assignments of error are overruled.
The Holdgreves raise an additional assignment of error:
2. The trial court erred in granting judgment in favor of United Ohio Insurance Company as United Ohio had waived their right to deny coverage by their payment of the property claim.
United does not dispute it paid a property damage claim filed by John Metzger for replacements costs associated with a garage structure damaged in the fuel tank explosion. United was obligated to pay for such loss pursuant to the parties' agreement in "Section I — Property Coverages" of the homeowner's insurance policy. However, unlike the coverage provided for "Personal Liability" in Section II of the policy, "Property Coverages" in Section I of the policy could not have been avoided by United on the basis of a business use exclusion. There is simply no business use exclusion to coverage contained in Section I of the policy. Accordingly, we cannot say that United waived a right they had in Section II of the policy because they failed to exercise a right they did nothave in Section I of the policy. The Holdgreves' second assignment of error is overruled.
Dinally, the Metzgers and Holdgreves also raise an alternative proposition of law, contingent on our determination of Universal's first assignment of error. However, an appellate court may only resolve assignments of error not arguments. App. R. 12(A). Accordingly, we do not address the alternative propositions which allege no error.
 II.
The Universal Policy.
Universal also appeals from the judgment of the trial court and raises two assignments of error. Universal's first assignment claims:
1. The trial court erred in ruling that Universal Underwriters Insurance Company is obligated under Part 950 of its policy to indemnify John and Karen Metzger for any adverse judgment arising from the explosion which occurred at the Metzger's (sic) residence.
The Universal policy, entitled Unicover V, No. 46739, was issued in parts, covering various activities of MBI, MBII and the companies' owners. The parties stipulated that only Part 500 (Garage Operations), Part 950 (General Liability) and Part 980 (Umbrella) of the Universal policy were purchased by MBI. The trial court's declaratory judgment, however, discusses the applicability of only Parts 950 and 980.
Part 950 of the Universal policy reads in pertinent part:
General Liability Insurance Insureds Our Limits(Part 950) Premises Hazard 01 (Metzger $500,000 Brothers, Inc.) (Declarations page 1-K).
* * *
 INSURING AGREEMENT — WE will pay all sums the INSURED legally must pay as DAMAGES (including punitive DAMAGES where insurable by law) because of INJURY to which this Coverage Part applies, caused by an OCCURRENCE arising out of the following hazards when shown in the declarations.
(Part 950, p. 54).
* * *
 PREMISES [Hazard] — the ownership, maintenance or use of the premises scheduled in the declarations and all operations necessary or incidental thereto, except the PRODUCTS — COMPLETED OPERATIONS HAZARD.
(Part 950, p. 54).
* * *
 'OCCURRENCE'. . . means as (sic) accident . . . during the Coverage Part period neither intended nor expected from the standpoint of a reasonably prudent person.
(Part 950, p. 56).
* * *
Universal argues that the occurrence of injury here, burns relating to an explosion of an MBI owned fuel storage tank on the private property of an insured business owner, was not a risk covered under Part 950 of its policy with MBI. Specifically, Universal claims that the phrase "and all operations necessary and incidental thereto" was misinterpreted by the trial court and as a result coverage was extended to premises not scheduled in the policy's declarations. The policy's scheduled premises are the business locations of MBI and MBII. John and Karen Metzger's residential address was not listed as a scheduled premise.
Premise hazards are described in the policy as "theownership, maintenance or use of the premises scheduled in thedeclarations and all operations necessary or incidentalthereto, except the PRODUCTS — COMPLETED OPERATIONS HAZARD."
(Part 950, p. 54) (emphasis added). Universal explains that the emphasized language merely precludes coverage for certain non-business related activities on the scheduled premises. For instance, Universal claims this coverage would not apply to liability resulting from a non-premises related activity conducted on their premises such as drag racing.
A plain reading of this clause, however, indicates that no limitation to premise hazard coverage is stated until after the word "except." All the other terms can only be read to describe included circumstances of coverage. Accordingly, Universal's argument that the phrase "and all operations necessary and incidental thereto" was meant to be a limiting phrase is not well taken. See, United States Fid. Gaur. Co. v. LightningRod Mut. Ins. Co. (1997), 80 Ohio St.3d 584, 586,687 N.E.2d 717, 719 (where the court noted, " '[t]he insurer, being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect' ") (citation omitted).
Universal also argues that the exception for Products — Completed Operations Hazard within the description of premises hazards, merely "emphasizes the limitation of its coverage to those premises 'scheduled in the declarations.' " (Universal Brief p. 16). However, a plain reading of this exception demonstrates just the opposite. The policy provides the following definitions:
 PREMISES — the ownership, maintenance or use of the premises scheduled in the declarations and all operations necessary or incidental thereto, except the PRODUCTS — COMPLETED OPERATIONS HAZARD.
 PRODUCTS — COMPLETED OPERATIONS HAZARD — INJURY occurring away from the premises YOU own or rent and resulting from YOUR WORK or YOUR PRODUCT, representations or warranties made with respect to fitness, durability, performance or use of YOUR WORK or YOUR PRODUCT, and providing or failure to provide warning or instructions for YOUR PRODUCT or YOUR WORK. * * *
(Universal Policy, Part 950, p. 54). Obviously, the injury here did not arise from the matters excluded.
Nevertheless, the issue here is whether the trial court erred when it found the explosion incident at the Metzgers' residence to arise out of an operation necessary or incidental to the scheduled premises. The trial court found that the use of the fuel storage tank was an operation "necessary and incidental to the sale of lawn mowers by MBI." (emphasis ours). The clause in the policy is disjunctive rather than conjunctive, it reads "necessary or incidental." There is sufficient evidence in the record to support the trial court's determination that coverage Part 950 covers this incident because maintenance of the MBI gas tank on the private property of a MBI shareholder was, at least, an operation incidental to the business premises of MBI.
Accordingly, Universal's first assignment of error is overruled.
Universal's second assignment of error states:
2. The trial court erred in ruling that John and Karen Metzger are entitled to indemnification for any adverse judgment arising from the explosion which occurred at the Metzger's (sic) residence pursuant to the Umbrella coverage provided under part 980 of Universal's policy.
Here Universal claims the trial court erred when it determined that the Metzgers were covered under Part 980 of its insurance contract. Universal argues that because underlying insurance coverage under Part 950 was not available to the Metzgers, coverage under Part 980 is likewise not available. Having already determined that the trial court did not error in finding that John Metzger is entitled to coverage under policy Part 950, Universal's argument on this point is without merit.
Further, the introduction to Policy Part 980 states,
 This Coverage Part applies only when it is shown in the declarations. Such insurance applies only to those insureds, security interests and locations designated for each coverage as identified in declarations item 2 by letter(s) or number.
(emphasis added).
The trial court found, upon facts stipulated to by the parties, that John and Karen Metzger were "designated insureds" under policy Part 980. Though Karen is not listed as an insured under item 2 in policy's the declarations, Universal stipulated that she was an "insured" under policy Part 980. Universal does not challenge this stipulation as an insufficient basis for the trial court's finding and we will not second guess Universal's strategy for making this stipulation now.
Because "insureds" are entitled to umbrella coverage under the policy Part 980 for any "loss . . . because of injury . . . caused by an occurrence," the trial court's judgment declaring that Part 980 of the Universal policy covered both John and Karen Metzger, for any loss occasioned by the Holdgreve's personal injury suit was not in error. Universal's second assignment of error is overruled.
Judgment of the Putnam County Court of Common Pleas declaring that the United insurance policy does not cover the Metzgers for loss is affirmed. Judgment declaring that policy Parts 950 and 980 of the Universal insurance contract does cover the Metzgers for loss is also affirmed.
Judgment affirmed.
SHAW, P.J., and EVANS, J., concur.