Christine M. KUNDAHL

v.

**ERIE INSURANCE GROUP
and Edward Kundahl.**

**Appeal of ERIE INSURANCE GROUP.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1997.
Filed Dec. 15, 1997.

John W. Ashley, Allentown, for appellant.

Anna A. Manley, Allentown, for Christine M. Kundahl, appellee.

Before CIRILLO, President Judge Emeritus, and SCHILLER and HOFFMAN, JJ.

CIRILLO, President Judge Emeritus:

Erie Insurance Group (Erie) appeals from the judgment entered in the Court of Common Pleas of Lehigh County awarding appellee Christine Kundahl $31, 047.01. We reverse.

Erie issued two insurance policies to Christine and Edward Kundahl, who at the time of issuance, were husband and wife. Both Mr. and Mrs. Kundahl were signatories to the policies. One policy covered the Kundahls' automobiles (Pioneer Family Auto Insurance Policy) and the other covered their home (Pioneer 21st Century Home Protector—2005 Ultracover Edition). The Kundahls eventually developed severe marital difficulties. On July 11, 1991 Edward Kundahl, while still married to Christine and while living in the residence, intentionally set fire to the Kundahls' home.[1] The fire destroyed a substantial portion of the residence

1. Edward Kundahl was subsequently convicted of three counts of arson for intentionally burning

as well as Mrs. Kundahl's automobile, a 1985 Pontiac 6000 STE, located in the garage. Thereafter, Mrs. Kundahl, as co-insured, requested payment of insurance proceeds from Erie. Erie denied coverage based upon exclusionary provisions found within both the homeowners and automobile insurance policies. The relevant exclusionary provisions of the policies are as follows:

*Pioneer 21 st Century Home Protector— 2005 Ultracover Edition*

**WHAT WE DO NOT COVER—EXCLUSIONS**

We do not cover loss resulting directly or indirectly from any of the following:

\* \* \* \* \* \*

(14) Caused by the neglect of **anyone we protect** to use all reasonable means to protect covered property at and after the time of loss or when property is threatened by a peril covered under *Perils we insure against.*

(15) Caused by intentional acts, meaning any loss arising from an act committed by or at the direction of **anyone we protect** with the intent to cause a loss.

*Pioneer Family Auto Insurance Policy*

**LIMITATIONS ON OUR DUTY TO PAY**
What We Do Not Cover—Exclusions
We will not pay for loss:

\* \* \* \* \* \*

(2) caused intentionally by or at the direction of you or a relative.

Mrs. Kundahl commenced the instant action against Erie to recover the insurance proceeds. Erie subsequently filed a motion for summary judgment asserting that Mrs. Kundahl was not entitled to the proceeds since her husband intentionally set the fire that caused the damage and such action precluded coverage under both policies. The trial court found that neither policy specifically excluded coverage for an innocent co-

the house and the car.

insured and, thus, denied Erie's motion. The case was then tried on stipulated facts, after which the court entered judgment in favor of Mrs. Kundahl. Post-trial motions were filed and denied. This appeal followed.[2] Erie presents the following issue for our consideration:

> Whether, pursuant to the language of the insurance policies the plaintiff, Christine M. Kundahl, is prohibited from obtaining benefits of the insurance policy since her husband, Edward Robert Kundahl, who was also insured under that policy, intentionally started the fire in question?

Erie's issue, whether the exclusionary provisions of its policies preclude an innocent co-insured from recovering under the policies, has been addressed by this court in *McAllister v. Millville Mut. Ins. Co.*, 433 Pa.Super. 330, 640 A.2d 1283 (1994). In *McAllister*, this court explained that the issue is resolved by determining whether the policy treats each insured as jointly or severally covered; the distinction being policies offering joint coverage impose a duty on any policyholder to be responsible for the acts of another policyholder, whereas several coverage covers insureds irrespective of the actions of their co-insureds. *McAllister*, 433 Pa.Super. at 337–40, 640 A.2d at 1287–88. Therefore, if the parties interests in the policy is joint, then the innocent co-insured is denied coverage if the actions of any insured would preclude coverage. *Id.* If, however, the parties interests are several, an innocent co-insured cannot be denied coverage as a result of the actions of another insured. *Id.* In making this determination, courts must review the specific policies at issue and determine whether the policies unequivocally exclude coverage for innocent co-insureds:

> If, after an examination of the policy, the court still cannot determine whether the interests and obligations of the named insureds are joint or several—e.g., the exclusions do *not* unequivocally exclude coverage for innocent insureds—then the court must interpret the ambiguity in favor of the insureds and find the obligations of the insureds under that particular exclusion to be **several** or **separate**. Under these circumstances, therefore, an innocent co-insured would not be precluded from recovering his or her share of the proceeds under the policy. Conversely, if the language of the policy, particularly the exclusionary clause, clearly indicates that the insureds' obligations are joint, then the prohibited acts of one insured bars all others from recovering.

*McAllister*, 433 Pa.Super. at 338–39, 640 A.2d at 1287–88 (citations omitted). *Accord Spezialetti v. Pacific Employers Insurance Company*, 759 F.2d 1139 (3d Cir.1985); *Michael Carbone, Inc. v. General Accident Insurance Co.*, 937 F.Supp. 413 (E.D.Pa.1996).

We, therefore, turn our attention to the insurance policies at issue. Prior to doing so, we note the well-settled standards in reviewing insurance contracts:

> The proper focus regarding issues of coverage under insurance contracts is the reasonable expectation of the insured. In determining the reasonable expectations of the insured, courts must examine the totality of the insurance transaction involved. However, while reasonable expectations of the insured are the focal points in interpreting the contract language of insurance policies, an insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous.

*McAllister*, 433 Pa.Super. at 340, 640 A.2d at 1288 (citations omitted).

In the present case, the Kundahls' homeowner's policy specifically precludes coverage of loss where the intentional or negligent acts by "**anyone we protect**" caused the loss.[3] A loss caused by "**anyone we protect**" unequivocally evinces joint responsibility, since the term "anyone" is naturally inclusive as opposed to exclusive. *See*

---

2. Erie originally failed to file a timely notice of appeal due to its failure to receive notice of the trial court's order denying post-trial motions. The trial court, however, reinstated Erie's appeal rights *nunc pro tunc*. Accordingly, the appeal is properly before this court.

3. It is stipulated that both Christine and Edward Kundahl were covered under this policy.

Webster's New Collegiate Dictionary 93 (9th Ed.1987). Thus, if any one [insured] violates the policy, coverage must be denied to all insureds. *See McAllister*, 433 Pa.Super. at 341, 640 A.2d at 1289 ("The use of the terms 'any' and 'an' in the exclusions clearly indicate that the insureds' obligations under the policy's neglect and intentional provisions are joint, not several.") (emphasis added). *Cf. Maravich v. Aetna Life and Cas. Co.*, 350 Pa.Super. 392, 504 A.2d 896 (1986) (exclusionary provision that precludes recovery for loss intentionally caused by **the** insured is ambiguous, since it is unclear whether provision intended to preclude all or merely the offending insured from recovery). We conclude, therefore, that the trial court erred in finding that the homeowners' policy was ambiguous.[4] *McAllister, supra.* On the contrary, the homeowner's policy clearly and unambiguously evinces joint interests therein.

■ The language of the automobile policy likewise unequivocally imposes joint obligations on its insureds. Consequently, the language of the automobile policy also precludes coverage for loss caused intentionally any of its insureds. Specifically, the language in the automobile policy excludes coverage for loss intentionally caused "by . . . you or a relative." The definitional section of the policy specifically defines "you" as the subscriber and the subscriber's spouse if the spouse lives at the same residence. Here, not only did Mrs. Kundahl live with her husband at the time that he burned their house, but she, herself, could be considered "you" since both Mr. and Mrs. Kundahl were signatories to the insurance contract. The trial court, therefore, erred in finding that the automobile policy created several obligations; the contract is clear on its face. *McAllister, supra.*

It is crystal clear, therefore, that both the homeowner's and automobile policies express joint rather than several interests and obligations. *See McAllister, supra.* Because the policies impose joint obligations, acts by one insured preclude coverage for all other insureds. Accordingly, we reverse the trial court's entry of the judgment in favor of Mrs. Kundahl and direct the court to enter judgment in favor of appellant Erie.[5] *See Madison Const. v. Harleysville Mut. Ins.*, 451 Pa.Super. 136, 678 A.2d 802 (1996) (*en banc*), *allocatur granted*, 547 Pa. 384, 690 A.2d 711 (1997).

We do sympathize with Mrs. Kundahl's plight. Her home and car are lost without the possibility of recovery. However, we cannot permit our sympathy to cloud the plain language of both policies. Nor can we force insurance companies to insert language in every policy they write to provide coverage for all innocent insureds. Such action is more properly left to our legislature. We, therefore, call upon the legislature to address this problem so that victimized spouses are no longer faced with the twin evils of destruction and destitution.

Order granting summary judgment reversed. The trial court is directed to enter summary judgment in favor of Erie Insurance Group. Jurisdiction relinquished.

---

**4.** Mrs. Kundahl insists that the language contained in the priority paragraph of the rights and duties section of the policy precludes a finding of joint responsibility. The priority paragraph provides:

> At our option, this insurance will first protect you and your spouse residing in your household, and secondly, others we protect.

We fail to comprehend how this language injects ambiguity into the plain and unambiguous exclusionary provision. This priority provision merely explains the order of coverage that the policy provides. It does not alter the responsibilities of the insureds under the policy vis a vis each other.

**5.** The judgment of $31,047.01 represented $28,742.83 in damages claimed under the homeowner's policy and $2304.18 in damages under the automobile policy.